Michael J.B. HENRY and Vickie A. Henry, on behalf of themselves and all others similarly situated, Plaintiffs–Appellants,

v.

ASSOCIATES HOME EQUITY SERVICES, INC., Defendant–Appellee.

No. 02–56132.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2003.

Decided July 3, 2003.

Before: TROTT and TALLMAN, Circuit Judges, and COLLINS,* District Judge.

### MEMORANDUM **

Plaintiffs–Appellants Michael and Vickie Henry ("Plaintiffs") appeal the district court's May 30, 2002 judgment and previously non-appealable order denying class certification dated January 7, 2002. A district court's order denying class certification becomes final and appealable upon entry of final judgment. *See Deposit Guar. Nat'l Bank v. Roper,* 445 U.S. 326, 336, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's decision regarding class certification for an abuse of discretion. *See Armstrong v. Davis,* 275 F.3d 849, 867 (9th Cir.2001). Under the abuse of discretion standard,

---

* Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

the reviewing court cannot reverse unless it has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. *See SEC v. Coldicutt*, 258 F.3d 939, 941 (9th Cir.2001). We affirm.

Rule 23 sets forth the procedural requirements of a class action in federal court. The prerequisites to bringing a class action are:

(1) the class is so numerous that joinder of all members is impracticable ("numerosity"),

(2) there are questions of law or fact common to the class ("commonality"),

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"), and

(4) the representative parties will fairly and adequately protect the interests of the class ("adequacy of representation").

Fed.R.Civ.P. 23(a). If the prerequisites are satisfied, a class action may be maintained under Rule 23(b)(3) if the district court finds that the questions of law and fact common to the members of the class predominate over any questions affecting only individual members ("predominance"), and the class action mechanism is superior to the other available methods for the fair and efficient adjudication of the controversy ("superiority"). Fed.R.Civ.P. 23(b)(3). Class certification must be denied if any of the requirements of Rule 23 are not met. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 622, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).

We see no error in the district court's conclusion that due to an inter-circuit split on the so called "ride through" option, Plaintiff's proposed class failed to satisfy the Rule 23(a) prerequisites of commonality, typicality, and adequacy, and the Rule 23(b)(3) requirements of predominance and superiority. *See In re Parker*, 139 F.3d 668, 672–73 (9th Cir.1998) (recognizing inter-circuit split). Likewise, we see no error in the district court's conclusion that varying applications of the "ride-through" option within the Ninth Circuit creates the same deficiencies for a circuit-wide class. *Compare, e.g., Henry v. Associates Home Equity*, 266 B.R. 457, 468–75 (Bankr. C.D.Cal.2001) (applying a per se rule against telephonic communication), *with, e.g., In re Kibler*, 2001 WL 388764 at *5 (Bankr.E.D.Cal.2001) (finding that "what constitutes acceptable communication between a secured creditor and a debtor taking advantage of the 'ride-through' option varies on a case-by-case basis and even from court-to-court"). Moreover, the varying standards, both inter- and intra-circuit, would make a class action very difficult to manage, thus defeating superiority. *See* Fed.R.Civ.P. 23(b)(3)(D).

Based on the information before it, the district court did not abuse its discretion in denying class certification.

AFFIRMED.